UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID CLARK COMPANY, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>ROANWELL CORPORATION LLC, )<br><br>Defendant. ) | CIVIL ACTION NO. |

## COMPLAINT AND JURY DEMAND

Plaintiff David Clark Company, Inc. hereby brings this trademark infringement action against Defendant Roanwell, LLC and for its complaint states as follows:

### PARTIES AND JURISDICTION

1.      David Clark Company, Inc. ("DCC") is a Delaware corporation with its principal place of business at 360 Franklin Street, Worcester, Massachusetts.

2.      Roanwell Corporation, LLC ("Roanwell") is a Delaware limited liability company with its principal place of business at 461 Timpson Place, the Bronx, New York.

3.      This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1114(1) and 28 U.S.C. § 1331 because DCC alleges a violation of the Lanham Act. The court may exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4.      This court may exercise personal jurisdiction over Roanwell because Roanwell's principal place of business is located in New York and Roanwell has infringed on DCC's trademark in New York.

5.      Venue is proper in this district under 28 U.S.C. § 1391.

11973824-1

## FACTS

A.     <u>David Clark Company's Registered and Incontestable Trademark</u>

6.     DCC is an American manufacturing company that designs and manufactures a wide variety of protective equipment. It is especially well known for its civilian and military aerospace products. Among these are a number of noise attenuating communication headsets, all of which feature ear cover domes molded in a particular shade of pastel green. DCC has sold millions of these pastel green communications headsets throughout the United States and abroad over the past fifty years.

7.     DCC owns a valid registered trademark in the color green as applied to ear cover domes of communication headsets (the "Trademark"), United States Patent and Trademark Office Registration No. 1,787,869. DCC first registered the Trademark on August 17, 1993. A copy of its registration certificate is attached as *Exhibit A*.

8.     Through the filing of a declaration pursuant to 15 U.S.C. §1065, DCC's Trademark has become incontestable.

B.     <u>The Customer Goodwill and Other Value Associated with DCC's Trademark</u>

9.     DCC began using pastel green ear cover domes on its communication headsets in 1972 as a way of distinguishing its products from those of its competitors. Over the last half-century, DCC's pastel green headsets have become synonymous with durability, reliability and DCC's excellent customer service, and have become some of the best-selling communication headsets in the world.

10.     DCC spends over a million dollars on advertising per year. This advertising frequently depicts Trademarked products. For example, DCC recently took out a full-page

2

advertisement that features its headsets' distinctive green coloring. DCC also markets

Trademarked products on its website.

11.     DCC's marketing efforts, coupled with the high quality of its product and

customer service, have created an impressive amount of goodwill in the marketplace for its

green-colored communications headsets. Notably, in 2021 the market research company

Concave Brand Tracking listed DCC as one of its fifty top product placement brands in movies,

and listed DCC as being among the top one hundred brands in 2020, 2018, and 2016 as well.

Concave Brand Tracking estimates that any brand within the top one hundred of its rankings

benefits from at least four million dollars' worth of free advertising from movie placements. The

Trademark plainly represents a valuable corporate asset.

12.      DCC also has trade dress rights to the inherently distinctive appearance of its

H10-76 communication headset that is not exclusively functional, including but not limited to its

green, black and silver colors as well as the shape and appearance of the materials used (Trade

Dress).

C.     Roanwell's Infringement of the Trademark

13.     Roanwell is a designer and manufacturer of communications equipment.

Roanwell was a significant supplier for DCC for many years, selling microphones and earphones

used in the manufacture of DCC's headsets. The relationship ended in May 2017 after DCC

began to manufacture its own microphones and earphones.

14.     Through its years of collaboration with DCC, Roanwell become very familiar

with DCC's business, including its use of distinctive green domes on its communication

headsets.

15.     Not long after it stopped being a DCC supplier, in roughly June 2017, Roanwell began to sell its own brand of pastel green noise-attenuating communications headsets that compete directly with DCC's headsets.

16.     Among the headsets that Roanwell advertises on its website is a green "Falcon" model. True and accurate photographs of green Falcon headsets posted to the "product gallery" on Roanwell's website are attached as *Exhibit B*.

17.     Every April, the Navy League of the United States hosts the Sea-Air-Space Exposition ("Exposition"). Participants travel from across the country in order to attend. Both Roanwell and DCC operated booths at the April 2022 exposition (held in National Harbor, Maryland), to showcase their respective products.

18.     While at the Exposition, DCC observed Roanwell selling green Falcon headsets from its booth. A true and accurate photograph of the model headset appearing at Roanwell's booth is attached as *Exhibit C*.

19.     DCC purchased one of Roanwell's headsets for comparison purposes and had it shipped from Roanwell's manufacturing facility to an employee's home in Kentucky. A photograph of the Roanwell headset (on the left), placed side by side with an example of DCC's model H10-76 headset (on the right), appears directly below.



20.     As is apparent from the above photograph, the Roanwell headset closely resembles DCC's H10-76 headset and features a nearly identical shade of pastel green.

21.     DCC has sent an email to Roanwell asking that it cease infringing the Trademark. Roanwell has failed to respond to that email and failed to cease marketing and selling communication headsets with green ear cover domes. Roanwell is thus committing a knowing infringement of DCC's Trademark.

22.     As a result of the close similarity between Roanwell's products and DCC's Trademarked products, Roanwell's infringement of DCC's Trademark is likely to cause

11973824-1

customer confusion either as to Roanwell's connection with DCC or as to the origin, sponsorship, or approval of Roanwell's products.

## COUNT I
### (Federal Trademark Mark Infringement - 15 U.S.C. § 1114 (1))

23.     DCC incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

24.     DCC owns a valid, incontestable Trademark and enjoys priority of use over Roanwell.

25.      Roanwell has used the Trademark in connection with the marketing and sale of goods in interstate commerce.

26.     Roanwell's use of the Trademark is likely to cause customer confusion either as to Roanwell's connection with DCC or as to the origin, sponsorship, or approval of Roanwell's products.

27.     Roanwell's unlawful use of the Trademark has caused DCC damages.

## COUNT II
### (Federal Trade Dress Infringement - 15 U.S.C. § 1125(a))

28.     DCC incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

29.     DCC owns Trade Dress rights to the inherently distinctive appearance of its H10-76 communication headset and enjoys priority of use over Roanwell.

30.     Roanwell has used the Trade Dress in connection with the marketing and sale of goods in interstate commerce.

11973824-1

31.     Roanwell's use of the Trade Dress is likely to cause customer confusion either as to Roanwell's connection with DCC or as to the origin, sponsorship, or approval of Roanwell's products.

32.     Roanwell's unlawful use of the Trade Dress has caused DCC damages.

## COUNT III
### (Federal Trademark Dilution - 15 U.S.C. § 1125(c))

33.     DCC incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

34.     DCC's valid and incontestable Trademark is a famous mark.

35.     Roanwell has used the Trademark in connection with the marketing and sale of goods in interstate commerce.

36.     Roanwell's use of the Trademark has caused blurring and tarnishing of DCC's famous Trademark.

37.     Roanwell's unlawful dilution of the Trademark has caused DCC damages.

## COUNT IV
### (Federal Unfair Competition 15 U.S.C. § 1125(a))

38.     DCC incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

39.     DCC has expended significant amounts of time and money to build up the notoriety, reputation, and goodwill of DCC's Trademark in connection with its distinctive headsets, and has invested considerable resources in developing the Trademark as the means by which the public came to identify DCC's headsets.

11973824-1

40.     Roanwell, without authorization from DCC, is using DCC's Trademark and/or a confusingly similar variation, constituting unfair competition in violation of the Lanham Act.

41.     Roanwell's use of DCC s Trademark is causing, and/or is likely to cause, onfusion, mistake, or to deceive as to the affiliation, connection, or association of Roanwell with DCC, or as to the origin, sponsorship, or approval of Roanwell commercial activities by DCC.

**COUNT V**
(Common Law Infringement and Unfair Competition)

42.     DCC incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

43.     The acts of Roanwell constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

44.     Upon information and belief, following parties' prior business relationship, Roanwell has intentionally appropriated DCC's trademark with the intent of causing confusion, mistake, and deception, and the bad faith intent to take advantage of DCC s reputation, goodwill, and efforts and expenditures, and as such, Roanwell has committed infringement and unfair competition in violation of the common law of the State of New York.

45.     The foregoing acts of Roanwell have created a likelihood of confusion between Roanwell and DCC and/or Roanwell offerings and DCC s offerings.

46.     The foregoing acts of Roanwell have injured and will continue to harm DCC, depriving it of sales of its genuine goods, damaging its business reputation, and passing off Roanwell offerings as DCC s offerings, all in violation of the common law of the State of New York.

11973824-1

47.     Roanwell's acts have caused damage to DCC and have caused DCC monetary damage in an amount DCC has not yet determined, for which DCC is entitled to its actual damages, punitive damages, attorneys' fees, and costs.

WHEREFORE, DCC requests that the Court:

1.     Award it actual, statutory and/or treble damages;

2.     Cause Roanwell to disgorge all profits associated with its infringement of the Trademark;

3.     Award DCC its attorneys' fees and costs;

4.     Enter a permanent injunction prohibiting Roanwell and its members, agents, employees and attorneys, and all of those in active concert and participation with any of them from selling, marketing, advertising or promoting any communication headset with a green ear cover dome or having any appearance that is confusingly similar to the David Clark H10-76 communication headset, or from registering or attempting to register any trademark for a communication headset with a green ear cover dome;

5.     Enter a permanent injunction prohibiting Roanwell and its members, agents, employees and attorneys, and all of those in active concert and participation with any of them from engaging in actions that cause blurring or tarnishing of DCC's famous Trademark; and

6.     Award all other relief that justice requires.

11973824-1

## **JURY DEMAND**

DCC demands a jury on all counts so triable.

Dated: New York, New York
      February 13, 2023

                                    DAVID CLARK COMPANY, INC.

                                    By its attorneys,

                                    /s/ *Theodore J. Hawkins*

                                    OLSHAN FROME WOLOSKY LLP
                                    Theodore J. Hawkins
                                    1325 Avenue of the Americas
                                    New York, New York 10019
                                    (212) 451-2300

                                    GESMER UPDEGROVE LLP
                                    William E. Hilton (*pro hac vice to be submitted*)
                                    Shannon M. Nolly (*pro hac vice to be submitted*)
                                    Michael D. Brier (*pro hac vice to be submitted*)
                                    40 Broad Street
                                    Boston, MA 02109
                                    (617) 350-6800

10